## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **GLORIA T. KIRK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:06-cv-02603 B/V** |
| | ) | |
| **AMERICAN HOME MORTGAGE CORP.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, American Home Mortgage Corp. ("AHM"), by and through its attorneys,

Ford & Harrison LLP, states the following as its Answer to Plaintiff's Complaint:

### ANSWER

1.      Plaintiff, Gloria T. Kirk, ("Plaintiff or "Mrs. Kirk") is an adult resident and citizen of Shelby County, Tennessee.

**ANSWER:**   AHM is without knowledge or information sufficient to admit or deny the

allegations of paragraph 1.

2.      Defendant, American Home Mortgage Corp., ("Defendant" or "American Home Mortgage") is a New York corporation, is a wholly owned subsidiary of American Home Investment Corporation a publicly owned corporation whose shares of stock are traded on the New York Stock Exchange, is authorized to and is and doing residential mortgage lending business in the State of Tennessee as a registrant or licensee as approved by the Commissioner of the Department of Financial Institutions, has its principal place of business in Melville, New York, and has a local branch office in Memphis, Tennessee at 3242 Players Club Circle, Memphis, Tennessee 38125 ("Memphis Office").

**ANSWER:**   AHM denies it is a wholly owned subsidiary of American Home

Investment Corporation, and denies that it currently has an office at 3242 Players Club Circle,

Memphis, Tennessee.  AHM admits the remaining allegations of paragraph 2.

3.     This Court has jurisdiction pursuant to 28 U.S.C. §1332 in that the parties are citizens of different states and the amount in controversy is greater than $75,000.00, exclusive of interest and costs.  Venue is appropriate in this district since the wrongful conduct of American Home Mortgage occurred in Shelby County, Tennessee.

**ANSWER:**    AHM is without knowledge or information sufficient to admit or deny that jurisdiction is proper pursuant to 28 U.S.C. §1332, but if jurisdiction is proper AHM admits that venue is appropriate in this district.  AHM denies the remaining allegations of paragraph 3.

4.     On or about December 31, 2004, Mrs. Kirk, who had considerable experience in the residential mortgage lending business based on her many years of work in the business, was offered employment by American Home Mortgage as the Branch Manager of its Memphis Office.

**ANSWER:**    AHM admits that in late December, 2004, Plaintiff became employed by AHM to work as the Branch Manager at AHM's Memphis office.  AHM is without knowledge or information sufficient to admit or deny the remaining allegations of paragraph 4.

5.     Pursuant to Tenn. Code Ann. § 45-13-102(1), as the Branch Manager, Mrs. Kirk was the individual who was in charge of and responsible for the business operations of American Home Mortgage at its Memphis Office.

**ANSWER:**    AHM admits that Plaintiff was employed as the Branch Manager of AHM's Memphis office.  AHM is without knowledge or information sufficient to admit or deny the remaining legal conclusions contained in paragraph 5.

6.     On or about December 8, 2005, certain designated representatives of the Commissioner of the Department of Financial Institutions of the State of Tennessee appeared at the Memphis Office and stated they were there to make an unannounced examination of the books, records, accounts, files and other documents of the business of American Home Mortgage at its Memphis Office.

**ANSWER:**    AHM is without knowledge or information sufficient to admit or deny the allegations of paragraph 6.

7.     Pursuant to Tenn. Code Ann. § 45-13-112, the Commissioner's designated representatives have access to the offices and places of business, books, accounts, papers, records, files, sales and vaults of all licensees and registrants, including American Home

Mortgage and expected to have immediate access to the premises and books, accounts, papers, records, files, safes, and vaults of all licensees and registrants when they appear for an examination.

**ANSWER:**    AHM is without knowledge or information sufficient to admit or deny the

legal conclusions and factual allegations of paragraph 7.

8.    Knowing that the Commissioner's representatives had the statutory right to make unannounced examinations and after first telephoning her supervisor, Gregg Murphy, who was unavailable, as was his supervisor, and after checking her understanding of her obligations to cooperate with the Commissioner's designated representatives with the Branch Manager of the Jackson, Tennessee, office, who confirmed her understanding that she must allow the Commissioner's representatives access to the Memphis Office, Mrs. Kirk, the person responsible for the business operations of the Memphis Office by law, allowed the Commissioner's representatives access to the place of business and the books, records, accounts, papers, and files of American Home Mortgage located in the Memphis Office.

**ANSWER:**    AHM is without knowledge or information sufficient to admit or deny the

allegations of paragraph 8.

9.    The examination conducted by the Commissioner's representatives concluded that two mortgage loan originators who were actively working for American Home Mortgage did not yet have their registration approved by the Commissioner, contrary to the understanding of Mrs. Kirk. All registration forms and applications were handled by representatives in the home office of American Home Mortgage at 520 Broadhollow Road, Melville, New York 11747. Mrs. Kirk learned after the examination report was submitted to her that the responsible person(s) at the home office had not taken the necessary action required by the laws of the State of Tennessee to register the two mortgage loan originators.

**ANSWER:**    AHM admits that the Commissioner's audit speaks for itself and denies

the allegation contained in the first sentence of paragraph 9 to the extent it is inconsistent with

the audit report. AHM admits that the loan originators' registration forms and applications were

handled by AHM's home office at 538 Broadhollow Road, Melville, New York 11747. AHM

lacks knowledge or information sufficient to admit or deny the remaining allegations of

paragraph 9.

10.    On or about June 28, 2006, Mrs. Kirk's employment with American Home Mortgage was terminated by Gregg Murphy, District Manager for the southeastern area, who,

3

after inviting her to and having dinner with her at a local restaurant and while leaving the restaurant, told her that she had violated company policy by allowing the Commissioner's designated representatives access to the Memphis Office of American Home Mortgage. Mrs. Kirk was told, after the examination by the Commissioner's designated representatives, it was the policy of American Home Mortgage that a Branch Manager in Tennessee must refuse access to the Commissioner's designated representatives who appear to conduct an examination of the books, records, papers, accounts, files and other financial type documents.

**ANSWER:**    AHM admits that Plaintiff's employment at AHM was terminated by

District Manager Gregg Murphy on or about June 28, 2006. AHM admits that Mr. Murphy told

Plaintiff that she was being terminated after inviting her to and having dinner with her at a local

restaurant and while leaving the restaurant. AHM denies the remaining allegations of paragraph

10.

11.     Mrs. Kirk understood that as a Branch Manager by law she could not refuse the Commissioner's designated representatives access to the Memphis Office.

**ANSWER:**    AHM lacks knowledge or information sufficient to admit or deny the

allegations of paragraph 11.

12.     The State of Tennessee has, by statute, a strong public policy requiring businesses, under the regulation of the Commissioner of the Department of Financial Institutions which are engaged in the residential mortgage lending business, to give immediate access to the Commissioner's designated representatives. By statute the Branch Manager is the individual responsible for assuring that the Commissioner's designated representatives have access to such business and its accounts, records, papers, files and other financial documents to assure compliance with the laws and regulations of the State of Tennessee. The laws and regulations governing the residential mortgage lending business are intended to protect the safety and general welfare of all consumers, mortgagors, and members of the public and to assure such businesses are operating in a lawful manner.

**ANSWER:**    AHM lacks knowledge or information sufficient to admit or deny the legal

conclusions contained in paragraph 12.

13.     The State of Tennessee has, by statutory and common law, a strong public policy favoring the protection of its citizens, consumers and investors from unlawful activities relating to the residential mortgage lending business and the employees and agents are responsible for and must fully and promptly cooperate with the Commissioner's designated representatives request to examine the business affairs of a duly licensed and registered residential lending

4

business operating in the State of Tennessee. Any delay in allowing the Commissioner's designated representatives immediate access when demanded would allow businesses subject to the Commissioner's authority to change, modify, manipulate, alter or even destroy business records in an effort to conceal unlawfully and improper activity.

**ANSWER:** AHM lacks knowledge or information sufficient to admit or deny the legal conclusions contained in paragraph 13.

14. Mrs. Kirk's employment with American Home Mortgage was unlawfully terminated in violation of the laws of the State of Tennessee.

**ANSWER:** AHM denies the allegations of paragraph 14.

## COUNT I

### Violation of the Tennessee Public Policy Protection Act Tenn. Code Ann. § 50-1-304

15. The Plaintiff restates and realleges the statements made in paragraphs 1 – 15 of this Complaint, which statements are incorporated by reference as if set forth verbatim hereinafter.

**ANSWER:** AHM restates and realleges its answers to paragraphs 1 – 15 of this Answer, which answers are incorporated by reference as if set forth verbatim hereinafter.

16. On June 28, 2006, Mrs. Kirk was the Branch Manager of the Memphis office of American Home Mortgage. Mrs. Kirk had an obligation to comply with the law as the Branch Manager. Mrs. Kirk allowed the Commissioner's designated representatives who appeared previously to conduct an examination of the books, records, papers, accounts, files and other financial type documents of American Home Mortgage. Mrs. Kirk refused to follow a company policy denying access to the Commissioner's designated representatives who appear and demand to examine the business and books, records, papers and accounts of the Memphis Office of American Home Mortgage. Mrs. Kirk's employment with American Home Mortgage was terminated. The sole reason for Mrs. Kirk's termination was because she refused to violate the law of the State of Tennessee and provided the requested access to the Commissioner's designated representatives and refused to follow an illegal company policy.

**ANSWER:** AHM admits that Plaintiff was the Branch Manager of AHM's Memphis branch office and that she was terminated on June 28, 2006. AHM admits that Plaintiff had an obligation to comply with the law. AHM lacks knowledge or information sufficient to admit or

deny the allegations contained in the third sentence of paragraph 16. AHM denies the remaining

allegations of paragraph 16.

17.     As a result of her wrongful termination, the Plaintiff has suffered and is
continuing to suffer damages.

**ANSWER:**     AHM denies the allegations of paragraph 17.

## Count II

### Violation of the Tennessee Common Law

18.     The Plaintiff restates and realleges the statements made in paragraphs 1 – 15 of
this Complaint, which statements are incorporated by reference as if set forth verbatim
hereinafter.

**ANSWER:**     AHM restates and realleges its answers to paragraphs 1 – 15 of this

Answer, which answers are incorporated by reference as if set forth verbatim hereinafter.

19.     On June 28, 2006, Mrs. Kirk was the Branch manager of the Memphis office of
American Home Mortgage. Mrs. Kirk had an obligation to comply with the law as the Branch
Manager. Mrs. Kirk allowed the Commissioner's designated representatives who appeared
previously to conduct an examination of the books, records, papers, accounts, files and other
financial type documents of American Home Mortgage. Mrs. Kirk refused to follow a company
policy denying access to the Commissioner's designated representatives who appear and demand
to examine the business and books, records, papers and accounts of the Memphis Office of
American Home Mortgage. Mrs. Kirk's employment with American Home Mortgage was
terminated. A substantial factor in the decision of the Defendant to terminate Mrs. Kirk's
employment was because she refused to violate the law of the State of Tennessee and provided
access to the Commissioner's designated representatives and refused to follow an illegal
company policy.

**ANSWER:**     AHM admits that Plaintiff was the Branch Manager of AHM's Memphis

branch office and that she was terminated on June 28, 2006. AHM admits that Plaintiff had an

obligation to comply with the law. AHM lacks knowledge or information sufficient to admit or

deny the allegations contained in the third sentence of paragraph 19. AHM denies the remaining

allegations of paragraph 19.

20.    As a result of her wrongful termination, the Plaintiff has suffered and is continuing to suffer damages.

**ANSWER:**    AHM denies the allegations of paragraph 20.

**AHM denies each and every allegation not expressly answered and asserts the following defenses:**

### DEFENSES

### First Defense

Any employment actions taken by AHM that are the subject of Plaintiff's Complaint were based on legitimate, lawful factors, and AHM acted in good faith at all times.

### Second Defense

Plaintiff's employment with AHM was at-will and was subject to termination at any time by either Plaintiff or AHM.

### Third Defense

During the term of her employment, Plaintiff had a duty to comply with AHM policies and practices and provide to AHM on a timely basis information relevant to the affairs entrusted to Plaintiff and which, as Plaintiff was aware, AHM had a desire and need to know and which was to be communicated without violating a superior duty to a third person.

### Fourth Defense

In the event that Plaintiff incurred compensable damages, which AHM denies, such damages must be reduced by any amount that Plaintiff subsequently earned or could have earned through the exercise of due diligence in pursuing subsequent employment.

**Fifth Defense**

AHM is presently without information concerning the availability and applicability of any other affirmative defenses in addition to those pled above and reserves the right to amend its Answer to plead any such affirmative defenses or matters of avoidance that may be revealed as discovery progresses or as such information otherwise becomes available.

Dated:  October 30, 2006

Respectfully submitted,

FORD & HARRISON LLP
795 Ridge Lake Blvd., Ste. 300
Memphis, Tennessee 38120
Phone: (901) 291-1500
E-mail: kthomas@fordharrison.com

By: ___/s/ Keith R. Thomas_____
   Timothy S. Bland (BPR #015376)
   Keith R. Thomas (BPR #018928)

Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document has been served upon Mr. Stephen Gardner, Mullins Gardner, PLC, 50 North Front Street, Ste. 1075, Memphis, TN 38103 by electronic means via the Court's CM/ECF system this the 30th day of October 2006.

_____/s/ Keith R. Thomas_____
   Keith R. Thomas